## John F. Vigel v. G. E. Gatton.

1. WAGER—*What Constitutes.*—In order to make a wager both parties must intend it to be such.

2. GAMBLING CONTRACTS—*What are Not.*—Appellee bought some hogs of appellant and shipped them to Chicago. While the hogs were en route to Chicago he offered to re-sell them to appellant at a loss of $100. The proposition was accepted and a contract entered into accordingly. *Held*, it was not a gambling contract.

**Transcript from a Justice of the Peace.**—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

Appellee, by his agent, bought two car loads of hogs from the appellant, and on July 27, 1893, shipped them by rail to Chicago.

Appellant and an agent of appellee met at the bank next day and appellant received payment for the stock. While in the bank, the hogs being in Chicago or en route, the agent of appellee offered to re-sell the hogs to appellant at a loss of $100. Appellee claimed appellant accepted this proposition, and a contract was entered into accordingly.

Appellant denied the alleged contract. The hogs were sold in Chicago at a loss of $191. This was an action begun before a justice of the peace by appellee to recover $91 under said contract. Appellant appealed from judgment before a justice of the peace to Circuit Court and from its judgment to this court.

S. H. CUMMINS, attorney for appellant.

JOHN C. SNIGG, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Whether the contract, as claimed, was entered into, was a pure question of fact.

It is not complained improper testimony bearing upon it was admitted or proper testimony rejected.

The evidence was conflicting. In number the witnesses preponderated against the appellant. A careful examination of the evidence disclosed no reason why we should assume to interfere with the verdict on the ground that it was not supported by the evidence.

We think the court properly refused to instruct the jury the contract was void if there was no intention on the part of the plaintiff to deliver the hogs, and no intention on the part of the defendant to receive the hogs, but that both plaintiff and defendant intended to settle by way of differences.

There was nothing disclosed by the evidence warranting the submission of the question raised by the instruction.

The contract operated upon a specified lot of hogs, then in cars en route to Chicago, or in stock pens in that city, and as no delivery was necessary between vendor and vendee to transfer the property in them to the appellant. The rise or decline in price did not affect the appellee favorably or unfavorably. He was in any event to receive an agreed sum for the hogs, and nothing in the proof tended to show the parties intended to settle or could "settle by way of differences." The transaction was a *bona fide* sale so far as appellee was concerned.

There was no intent upon his part to gamble.

In order to make a wager both parties must intend it to be such. Pixley v. Boynton, 70 Ill. 351; Williams v. Tudman, 6 Mo. App. 269.

The contract was not illegal at common law or under the statute.

The judgment must be and is affirmed.